UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MICHEAL STEWART,**

    **Plaintiff,**

**v.**                                                                                          **Case No: 5:14-cv-582-Oc-34PRL**

**CHEFS OF NAPOLI II, INC.**

    **Defendant.**

### REPORT AND RECOMMENDATION[1]

This case is before the undersigned upon referral from the District Judge. Plaintiff Michael Stewart seeks an entry of default judgment on his Fair Labor Standards Act ("FLSA") claim for unpaid wages. (Doc. 11). To date, Defendant has not made an appearance. I submit, based on a review of the record, that Plaintiff is entitled to default judgment and damages in the amount requested.

    **I.**    **Background**

Plaintiff alleges that Defendant Chefs of Napoli II, Inc., violated the overtime provisions of the FLSA. Specifically, he contends that while he worked at Defendant's restaurant, he consistently worked approximately 59 hours per week, but was not compensated for many of his regular hours and not compensated for any overtime work. (Doc. 1, ¶ 14).

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal

On October 24, 2014, Plaintiff filed his complaint against the Defendant (Doc. 1), and perfected service of process upon Defendant's registered agent, Antonio Cacace, on November 12, 2014. (Docs. 5). Defendant failed to file a responsive pleading and the clerk entered default. (Doc. 8). To date, Defendant has not sought to vacate the default or otherwise appear or defend this action. On March 20, 2015, Plaintiff filed the instant motion for default judgment (Doc. 11). In response to the Court's Order of May 21, 2015, Plaintiff filed his affidavit detailing the amount of his claim for unpaid wages and damages sought. (Doc. 14). Because that affidavit lacked sufficient detail, the Court directed Plaintiff to file an amended affidavit. On August 17, 2015, Plaintiff filed an amended affidavit including more specific details regarding his claim for unpaid wages and damages. (Doc. 21).

## II.     Standard

To begin, a default judgment is not a foregone conclusion when a defendant fails to defend. Rule 55 of the Federal Rules of Civil procedure establishes a two-step process for obtaining a default judgment. "First, when the defendant fails to plead or otherwise defend the lawsuit, the clerk of the court is authorized to enter a clerk's default against the defendant." *Pierre v. Venus Satellite, Inc.*, No. 3:12-CV-343-J-34JBT, 2014 WL 103212 at *3 (M.D. Fla. Jan. 9, 2014). Then, "after receiving a clerk's default, the court, or in some instances the clerk, may enter a default judgment against the defendant for not appearing." *Id.*

A default judgment, however, cannot stand on a complaint where the Court lacks jurisdiction or the plaintiff fails to state a claim. *See Pierre*, 2014 WL 103212 at *3; *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1291 (S.D. Ala. 2010). Thus, the Court must first assess the allegations in the complaint. In doing so, I note that through default,

a defendant does admit Plaintiff's well-pleaded factual allegations. *Pierre*, 2014 WL 103212 at *3 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### III. Discussion

#### A. FLSA Claim

To prevail on his FLSA claim for unpaid or underpaid overtime, Plaintiff must establish that: (1) he was employed by Defendant; (2) he was engaged in the production of goods for commerce or was employed by an enterprise engaged in commerce or in the production of goods for commerce; and (3) Defendant failed to pay the overtime pay required by law. *See Pierre*, 2014 WL 103212 at *4.

Here, Plaintiff satisfies the first two elements of his claim by the well-pleaded allegations of the Complaint. As to the first, he alleges that he was employed by Defendant. (Doc. 1, ¶ 9). With respect to the second, Plaintiff must establish either (1) "individual coverage," meaning that the employee was "engaged in commerce or in the production of goods for commerce," or (2) "enterprise coverage," meaning that the employee was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006).

Plaintiff alleges that Defendant "has employed more than two employees and generated more than $500,000 in revenue for the year 2014," and that "Defendant and Plaintiffs engaged in interstate commerce." (Doc. 1, ¶6). Plaintiff also alleges that, "Defendant qualifies for and is subject to both traditional and enterprise coverage the FLSA for all relevant time periods." (Doc. 1, ¶ 7). With these allegations, Plaintiff satisfies the requirement that he was "employed by an enterprise engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. §207(a)(1). Likewise, Plaintiff has alleged that he was employed by an "enterprise," that the

enterprise was engaged in commerce or in the production of goods for commerce, and that such enterprise had annual gross volume of sales of not less than $500,000.  29 U.S.C. §§ 203(s)(1)(A)–(B), 207(a)(1).

As to the third prong of Plaintiff's prima facie case, he must establish that: (1) he worked overtime and was uncompensated for it, and (2) that Defendant knew or should have known of the overtime work.  *See Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015) (citing *Allen v. Bd. of Pub. Educ. for Bibb Cnty.,* 495 F.3d 1306, 1314–15 (11th Cir. 2007)).  In his complaint, Plaintiff states that he regularly worked overtime during every week of his employment, and that he typically worked approximately 59 hours per week.  Plaintiff also states that he was not compensated for many of his regular hours, and was not compensated for any overtime work.  (Doc. 1, ¶ 14).  In his amended affidavit, Plaintiff states that he worked 165 regular hours for Defendant, as well as 80 overtime hours.  (Doc. 21, ¶¶ 10, 11).  Plaintiff states that he was not paid $984.24 for overtime hours that he worked, and that Defendant was aware of the omission.  (Doc. 21, ¶¶ 13, 14).  According to Plaintiff, "Defendant informed me that they would not pay me and I was welcome to sue them because they had more money for lawyers than I did."   (Doc. 1, ¶ 6).  Thus, Plaintiff has satisfied the requirements of the third prong of his claim.

### B.     Damages

"While well-pleaded facts in the Complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."  *Virgin Records America, Inc. v. Lacey,* 510 F. Supp. 2d 588, 593 n. 5 (S.D. Ala. 2007).  Even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co.*

*v. Movement Against Racism and the Klan*, 777 F.3d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for the award).   Under Rule 55(b) the Court has discretion to hold an evidentiary hearing to determine appropriate damages, but it is not required to, particularly where there is sufficient evidence in the record.  *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 Fed. Appx. 908, 911–12 (11th Cir. 2011); *Almeira v. GB House, LLC*, No. 8:14-CV-00045-T-27, 2014 WL 1366808, at *1 (M.D. Fla. Apr. 7, 2014).

Affidavits are sufficient to establish damages if they are not conclusory.  *Almeira*, 2014 WL 1366808, at *1; *see Tara Prods., Inc.*, 449 F. App'x at 912 (quoting *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005).   In the unpaid overtime context, "[i]t is an employee's burden to prove, with definite and certain evidence, that he performed work for which he was not properly compensated."  *Pierre*, 2014 WL 103212 at *9 (quoting *Reeves v. Int'l Tel. & Tel. Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980)).

Here, in response to the Court's order directing him to provide evidence in support of his motion for default judgment, Plaintiff has provided his affidavit.   (Doc. 21).   Plaintiff states that he worked for Defendant as a dishwasher from September 12, 2014 through October 10, 2014. (Doc. 21, ¶ 1).   Plaintiff states that he worked 165 regular hours, as well as 80 overtime hours. (Doc. 21, ¶ 10, 11).   Plaintiff states that he was not paid $984.24 for overtime hours that he worked, and that Defendant was aware of the omission.  (Doc. 21, ¶¶ 13, 14).   According to Plaintiff, "Defendant informed me that they would not pay me and I was welcome to sue them because they had more money for lawyers than I did."   (Doc. 1, ¶ 6).   Defendant thus contends that his claim for unpaid wages is $984.24, but his total claim (including liquidated damages) is twice that amount:  $1,968.48.   (Doc. 1, ¶ 7).

Although Plaintiff has provided no other evidence besides his affidavit in support of his claim for damages, I find it sufficient under the circumstances. Plaintiff's affidavit is not merely conclusory. Rather, he provides specific figures for the number of regular and overtime hours worked, and for the amount of wages owed. Further, because Defendant maintains control over the majority of documents needed to accurately calculate the damages, but has refused to appear in this case, and because Plaintiff has provided a sworn accounting of his time in his affidavit, he may be awarded damages in the amount established by his affidavit. *See Pierre*, 2014 WL 103212 at *9-10 (reasoning that where Defendant fails to provide time records showing the number of hours worked by Plaintiff, the Court may rely solely on Plaintiff's affidavit to calculate damages).

The FLSA requires that employers pay their employees (at least) one and a half times the "regular rate" for any work in excess of 40 hours per week. 29 U.S.C. § 207(a)(1) (prohibiting "a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed"). When a covered employee is not paid the overtime wage, the FLSA provides a private cause of action against the employer for unpaid wages. 29 U.S.C. § 216(b). Significantly, however, the law does not require that an employee be compensated solely on an hourly rate; an employee may also be compensated on a "piece-rate, salary, commission, or other basis," provided that "the overtime compensation due to [the] employee must be computed on the basis of the hourly rate derived therefrom." 29 C.F.R. § 778.109.

Here, based on the information in Plaintiff's affidavit, determining Plaintiff's exact regular rate of pay is difficult. Plaintiff states that he was paid $1,300.00 for the hours that he worked for Defendant, and that he worked a total of 165 regular hours. (Doc. 21, ¶¶ 10, 12). He also states

that he was typically paid $70.00 per day for double shifts.  Although Plaintiff does not specify, it appears his rate of pay equated to approximately $8.00 - $8.20 per hour.[2]  Notably, in 2014, the minimum wage in Florida was $7.93 per hour.[3]  This approximate rate is also generally consistent with Plaintiff's own calculation of $984.24, what he claims he is owed for 80 unpaid overtime hours.

Although Plaintiff's affidavit could be more precise, it does contain sufficient detail to support his claim for $984.24 in unpaid wages.  As courts have observed, where Defendants fail to come forth with evidence, the court may award damages to the Plaintiff, even where the result is approximate.  *See Bautista Hernandez v. Tadala's Nursery, Inc.*, 34 F. Supp. 3d 1229, 1242 (S.D. Fla. 2014).  Additionally, the Court notes that the amount sought by Plaintiff for unpaid wages ($984.24) is a relatively modest sum, and there is nothing to indicate that Plaintiff has exaggerated or inflated his claim.

Plaintiff is also claiming liquidated damages.  "Any employer who violates the provisions of section 206 or section 207 of [title 29] shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in *an additional equal amount as liquidated damages*."  29 U.S.C. § 216 (emphasis added).  "[I]n the Eleventh Circuit, the law is well settled that a prevailing plaintiff under 29 U.S.C. §§ 206 and 207 is entitled to a mandatory award of liquidated damages unless the district court explicitly finds that the defendant acted in

---

[2] Based on the 165 regular hours Plaintiff states he worked, and that he was paid $1300 for the hours worked, it appears his regular rate of pay was approximately $7.88 per hour, although this calculation results in a regular rate slightly below minimum wage.  Meanwhile, a similar estimate of Plaintiff's regular rate at $8.20 per hour can be derived based on the 80 overtime hours Plaintiff states he worked, and his claim for $984.24 in unpaid overtime wages. (80 hours x $8.20 = $656.00 x 1.5 = $984.00).

[3] *See* http://www.floridajobs.org/minimumwage/FloridaMinimumWageHistory2000-2014.pdf.

good faith in violating the [FLSA]." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1344 (M.D. Fla. 1999).

Here, Plaintiff's complaint alleges that Defendant's failure to pay the overtime wages was willful (Doc. 1, ¶ 34), and his affidavit confirms Defendant's knowledge and willful desire to fail to pay Plaintiff for the overtime work owed. (Doc. 21, ¶ 14). There is no evidence that Defendant acted in good faith when it violated the FLSA; indeed, the inference drawn from the complaint and affidavit support the opposite conclusion. Therefore, I submit that Plaintiff is entitled to liquidated damages in an amount equal to the damages for unpaid overtime wages.

### IV. Conclusion

For these reasons, I **recommend** that Plaintiff's motion for default judgment (Doc. 12) be **granted** and that Plaintiff be awarded damages for unpaid wages in the amount of $984.24, plus an equal amount of liquidated damages, for a total amount of **$1,968.48.**

**DONE** and **ORDERED** in Ocala, Florida on September 21, 2015.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties